TEICHMILLER, Plaintiff and Appellant, vs. DUFRANE MOVING COMPANY, Defendant and Appellant: FEHLING and others, Defendants and Respondents.

*March 10—April 12, 1949.*

528

For the appellants there were briefs by *Kenneth E. Worthing,* attorney, and *Geo. M. St. Peter* of counsel, both of Fond du Lac, for Eugene Teichmiller, and by *William J. Nuss, Jr.,* of Fond du Lac, for the DuFrane Moving Company, and oral argument by *Mr. Worthing* and *Mr. Nuss.*

For the respondents there were briefs by *Bendinger, Hayes & Kluwin* of Milwaukee, and oral argument by *Gerald P. Hayes.*

FAIRCHILD, J. The judgment dismissing the complaint of plaintiff and the cross complaint of DuFrane Moving Company must be reversed. The solution of the problem depends

on the question of negligence of the defendant Merlin Fehling and whether his failure to exercise ordinary care in handling the truck occurred while acting within the scope of his employment for the Yellow Truck Lines. Although the trial judge reserved decision on all motions after the first trial not then specifically disposed of, still in his final order he seems to have included the questions outlined above. This recognizes that the trial court acted within its power and not in violation of the terms of sec. 270.49, Stats.

The plaintiff and defendant DuFrane are both appellants. It will be easier to refer to the parties by their ordinary designation than to apply the usual appellate terms to them.

The case has been tried twice to a jury with a result each time in favor of the plaintiff and against the defendants, Merlin Fehling, Yellow Truck Lines, Inc., and the Fidelity & Casualty Company of New York. The Yellow Truck Lines is not entitled to another trial on the question of liability and we therefore lay that possibility out of the case. The attorney for DuFrane did overstep the bounds of propriety in his argument by suggesting to the jury that, "it is not necessary in order for the plaintiff to recover that he recover against the DuFrane Moving Company; that the Yellow Truck Lines or the other defendants are in this case too." There was a prompt objection, a withdrawal of the remarks accompanied by an apology, and a positive ruling by the court doing all that could be done to overcome the effect of the statement. It was serious and has given us considerable concern and were it not for what is considered as overwhelming evidence that the cause of the fire was that found by the jury, we would be compelled to grant a new trial. In view of the fact that a similar result has come out of two trials, in one of which the error was not present, we have reached the conclusion that a new trial is not to be granted.

It is considered that there is credible evidence to sustain the jury findings on all points.

(1) As appears from the statement of facts, the verdict of the first jury held Fehling causally negligent in releasing the brakes of the tractor, putting the engine in operation, and attempting to drive it up the slippery incline before preparing the driveway by putting ashes on it. There is credible evidence to sustain the findings that he failed to exercise ordinary care in those respects.

The truck was at rest. It was in a dangerous position so far as the gasoline pump was concerned and Fehling realized the danger. He testified that one of the reasons he wanted to move his truck was fear of DuFrane's truck hitting the pump and starting a fire. He also said that he placed the block under the right rear wheels of the trailer for the same reason. The competent evidence is to the effect that the only safe way to go forward and get out of the driveway was to use sand or ashes in sufficient quantity to make sure that the truck would have traction if it was started. The act of Fehling resulted, as might have been expected, in so disturbing the existing condition that the truck slid toward and struck the gasoline pump. The general understanding of truck drivers was shown to be that spinning of the drive wheels would cause the truck, under the circumstances then existing, to slip down the incline toward the pump. As a reasonably prudent driver, Fehling should have realized that.

(2) The first jury also found that Fehling was acting within the scope of his employment as a servant of the Yellow Truck Lines at the time of his negligent act. Again the evidence upholds the jury's finding. The evidence established the fact that there was a very close connection in the trucking business between the Yellow Truck Lines and the DuFrane Moving Company. This relation is evidenced by facts showing that Yellow had a lease and held a permit on the very truck involved.

It is very clear that Fehling was within the scope of his employment and engaged in furthering his employer's business.

He was not off on a frolic or detour of his own; he was not violating the rules of his employer. He was attempting to expedite matters as he believed his employer naturally would want him to do. Whether or not directly furthering his employer's ends, he was making an effort to do so.

(3) At the second trial, granted on the ground of newly discovered evidence, the jury again found for DuFrane and the plaintiff. The newly discovered evidence is sufficiently set forth in the statement of facts. Had it been established upon this second trial that the fire was caused by the negligent handling of an extension cord with an electric-light bulb attached, there would have been reason for holding DuFrane to some degree of responsibility for the fire. But the testimony upon the second, as on the first trial, was such as to persuade the jury that the ignition was caused by a spark from the wiring in the pump which had been broken. The gasoline had been spilled. It was in sufficient quantity. There had resulted a condition where the vapor had had time to be carried by ventilation or air currents and develop the elements which would be readily ignited by what the expert witness testified would be a minor spark. It also appears that the broken wiring in the pump would create such a spark. There was testimony that the current necessary to operate the pump had been turned on and there is no evidence that it had been turned off. Mr. Statz, the supervisor of the fire prevention department of the industrial commission testified:

"My opinion is that the flash was caused through a spark igniting the vapors, that spark being created by the severance or disruption of some of the wiring leading to the motor of the pump."

*By the Court.*—Judgment reversed and cause remanded for judgment in favor of plaintiff and DuFrane Company and further proceedings under the stipulation of the parties and according to law.

HUGHES, J., took no part.